Boyd JOPLIN, Plaintiff in Error,

v.

Richard ELY, Defendant in Error.

No. 39292.

Supreme Court of Oklahoma.

Oct. 17, 1961.

Lewis M. Watson, Ada, for plaintiff in error.

Kerr, Lambert, Conn & Roberts, by R. Burl Harris, Ada, for defendant in error.

HALLEY, Justice.

Richard Ely brought suit against Boyd Joplin to recover a balance due on an open account which account had been assigned by one Clifton in writing for collection. The parties will be referred to as they appeared in the trial court. Jury was waived and after trial the court entered judgment for the plaintiff. Defendant's motion for new trial was overruled and he appeals.

The only point made by defendant on appeal is well stated in his brief as follows:

"By process of pleadings, pre-trial stipulations, and the evidence presented at the time of trial, the issues were resolved into only one matter for determination by the Court, viz., whether the plaintiff, Richard Ely, was the real party in interest and entitled to maintain the actions."

It is seen that there was no defense made to the account and defendant admits he owes the plaintiff if the latter is the real party in interest. Defendant's contention is that plaintiff is not the real party in interest because plaintiff's evidence failed to show that any consideration for the assignment passed from plaintiff (assignee) to Clifton (assignor).

The assignment signed by Clifton, which was introduced into evidence, states that the account was assigned "for value received." We have held in Oklahoma Pipe Line Co. v. Hoefer, Adm'r, 100 Okl. 233, 229 P. 440, as follows:

"Where action is commenced by assignee of a chose in action, the assignment reciting a valuable consideration, such assignee is the 'real party in interest,' under section 209, Comp.Stat. 1921, * * *"

The defendant, however, emphasizes that the testimony of both plaintiff and Clifton shows that no consideration for the assignment passed between them prior to the filing of this lawsuit. At the time the assignment was made, their oral agreement was that Clifton would receive one-half of the amount collected by the plaintiff. The defendant then asks, in effect, is an assignee of a verified account entitled to sue in his own name when the assignment is without consideration and the assignee must account to the assignor for the proceeds?

Our statute, 12 O.S.1951 § 221, requires with certain exceptions that every action must be prosecuted in the name of the real party in interest. It is not contended by either party that the case falls within any of the statutory exceptions.

It appears from briefs of counsel and from our research that this is the first time that this question has arisen in this jurisdiction. The general rule is stated in 6 C.J.S. Assignments § 125, p. 1179, that "* * * a mere assignee for collection may sue on an assigned claim, and this, although the assignment is without consideration." We believe that this is the correct rule in interpreting the real party in interest statute.

It was stated in Rae v. Cameron, 112 Mont. 159, 114 P.2d 1060, 1068, when that court approved this rule:

"In adopting this construction of the statute, we line up with the authorities in the majority of the jurisdictions throughout the United States as is indicated in 4 Am.Jur., sec. 123, p. 328; 2 R.C.L. sec. 51, p. 640; 6 C.J.S., Assignments, § 125; Pomeroy's Code Remedies, 5th Ed., p. 106. See, also, collection of cases cited in the dissenting opinion to State ex rel. Freebourn v. Merchants' Credit Service, supra, 104 Mont. [76] at page 110, 66 P.2d 337, and Bancroft's Code Pleading, sec. 886, p. 1308. * * *"

■■ In the case at bar the assignor testified that he no longer held or owned the account against the defendant, but that he had assigned it to the plaintiff. Since the purpose of the real party in interest statute, so far as the debtor is concerned, is to assure him that he will not be subjected later to a second suit for the same cause, the defendant herein cannot complain. Protection is also afforded him by express statutory provision in 12 O.S.1951 § 222:

"In the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense now allowed; * * *".

When the Supreme Court of Kansas overruled a prior case and adopted the majority view as set out above, it was said in Manley v. Park, 68 Kan. 400, 75 P. 557, 558, 66 L.R.A. 967:

"* * * When the obligor is sued by such assignee (no claim as innocent purchaser being involved), he can make any defense he could have made against the assignor; he is fully protected against another action; and in no way is it a matter of the slightest concern to him what arrangement between the plaintiff and the original creditor occasioned the assignment. This being true, it would be a sacrifice of substance to form to permit the defendant to defeat the action by showing a failure of consideration for the transfer, or that the plaintiff was bound to account to his assignor for a part or all of the proceeds. We hold that the objection urged to the judgment on the ground that plaintiff was not the real party in interest is untenable."

The above is sound reasoning and we think it is applicable here.

The judgment is affirmed.