2002 OK CIV APP 3

**TRIAD BANK, N.A., Plaintiff/Appellant,**

v.

**A & A MATERIALS CO., INC., Defendant/Appellee,**

**and**

Charles L. Burris and Maxine M. Burris, husband and wife; Charles L. Burris d/b/a Burris Builders; Charles L. Burris, d/b/a Inco, Inc.; Inco, Inc.; New Mac Construction Co., an Oklahoma corporation; Wayne Kallstrom, individually, and d/b/a K–Construction, Inc., an Oklahoma corporation; Wilson Paving & Excavating, Inc., an Oklahoma corporation; Hardesty Companies, Inc., d/b/a Mid–Continent Concrete Company, an Oklahoma corporation; Commercial Federal Bank, N.A.; American Bank of Oklahoma, N.A.; Stacey P. Lamb and Kathy A. Lamb, husband and wife; Whitehall Homes, Inc. an Oklahoma corporation; Bennet Vernon Doo-

ley, and Patricia Ann Dooley, husband and wife; Occupants of the Premises; Treasurer of Tulsa County, State of Oklahoma; and Board of County Commissioners of Tulsa County, State of Oklahoma, Defendants.

No. 95,663.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 21, 2001.

Certiorari Denied Nov. 26, 2001.

Andrew S. Hartman, Mickey K. Leslie, Michele T. Gehres, Andrew S. Hartman, P.C., Tulsa, OK, for Plaintiff/Appellant.

John L. Shafer, III, Sublett and Shafer, P.C., Tulsa, OK, for Defendant/Appellee A & A Materials Co., Inc.

KENNETH L. BUETTNER, Presiding Judge.

¶1 The trial court denied Triad Bank's application for litigation costs and attorney fees against A & A Materials Co. Triad Bank contends that it is a "defendant" for purposes of 12 O.S.1991 § 1101.1 because it defended A & A Materials' affirmative defense of equitable estoppel and it was a counter-defendant with respect to A & A Materials' counterclaim. Section 1101.1 authorizes an award to a defendant when a plaintiff recovers less than defendant's offer of judgment. We affirm the trial court's order denying costs and attorney fees.

¶2 Triad Bank raises one issue for review: whether the trial court erred as a matter of law in ruling that *12 O.S.1991 § 1101.1* does not authorize Triad Bank to recover its attorney fees and costs. It asks for an interpretation of the word "defendant" in the context of § 1101.1.

¶3 Triad Bank sued to foreclose mortgages.[1] It was the sole plaintiff in the action. A

1. The trial court certified the action as final with    respect to Triad Bank and A & A Materials Co.,

& A Materials answered and counter-claimed for ascertainment of lien rights and foreclosure of its lien. In its response to the petition, one of A & A Materials' grounds for defense was equitable estoppel. That question required a hearing after which the court ruled that Triad Bank's action against A & A was not equitably estopped. A & A Materials dismissed its counter-claim against Triad Bank.

¶ 4 Triad Bank claims that it "defended" A & A Materials' affirmative defense of equitable estoppel and that it was a "defendant" with respect to the counterclaim, bringing it within the terms of 12 O.S. Supp.1995 § 1101.1 (B) which states in part:

1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action.

3. If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff, exclusive of any costs or attorneys fees otherwise recoverable, is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorneys fees incurred by the defendant with respect to the action or the claim or claims included in the offer of judgment from and after the date of the first offer of judgment which is greater than the judgment until the date of the judgment.

■ ¶ 5 Triad Bank's Offer to Confess Judgment was against "all claims of Defendant A & A Materials Co., Inc.," for the amount of $100. The only extant claim that A & A Materials had against Triad Bank was for the lien priority and that claim was dismissed without prejudice, reserving its claim against other defendants. There was no adjudication of the counterclaim, hence, an essential element for recovery of reasonable

litigation costs and attorney fees was missing: a judgment less than the one offered.

■ ¶ 6 With respect to the second argument, a plaintiff against whom an affirmative defense is asserted is not a "defendant" within the meaning of § 1101.1.

¶ 7 AFFIRMED.

¶ 8 HANSEN, C.J., and GARRETT, J., concur.

pursuant to *12 O.S. Supp.1995 § 994,* thus permitting the appeal of this matter.