Dear Representative Sullivan:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 When a state agency uses the construction management and consulting services procedures of 61 O.S.Supp. 2008, §§ 62[61-62] and 202(4), which allow "preparation and coordination of bid packages" in the definition of services a construction manager may perform, what effect if any does the proscription against splitting contracts into partial contracts in 61 O.S.Supp. 2008, § 131[61-131] have upon these bid packages?
 INTRODUCTION
Your question involves the procedures outlined for a state agency seeking to enter into a public construction contract, and the relationship of statutory language in Title 61 of the Oklahoma Statutes generally prohibiting contracts from being divided into partial contracts to avoid the Public Competitive Bidding Act of 1974. This is also referred to as bid splitting. Restating your question, you ask, if a construction manager hired by a state agency makes a business decision to separate the project into packages, does this amount to bid splitting?
Although other public bodies, including political subdivisions of the State, must follow the provisions of Title 61 of the Oklahoma Statutes regarding public construction, we will limit our response to your inquiry involving a construction manager for a state agency, and not consider school districts and other political subdivisions of the State in this Opinion.
 PUBLIC COMPETITIVE BIDDING ACT OF 1974
Awarding contracts for public construction by state agencies is generally governed by the Public Competitive Bidding Act of 1974 ("Public Competitive Bidding Act"), 61 O.S. 2001 Supp. 2008, §§ 102 — 138. Title 61, Section 102 contains definitions used in the Public Competitive Bidding Act. *Page 2 
Section 102(5) defines "public agency" to include the State of Oklahoma and any department, agency, board or commission of the State. Section 102(6) defines "public construction contract" to be "any contract, exceeding Fifty Thousand Dollars ($50,000.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to or performing maintenance on the same" with certain exceptions not relevant to your inquiry.
State agencies must follow the procedures outlined in 61 O.S.Supp. 2008, § 103[61-103], in awarding public construction contracts. That statute provides in pertinent part:
 A. Unless otherwise provided by law, all public construction contracts exceeding Fifty Thousand Dollars ($50,000.00) shall be let and awarded to the lowest responsible bidder, by open competitive bidding after solicitation for sealed bids, in accordance with the provisions of the Public Competitive Bidding Act of 1974.
Id.
Although Section 103(A) applies to public construction contracts exceeding fifty thousand dollars, other bidding and negotiation requirements in Section 103 also apply to state agency construction contracts of less than fifty thousand dollars. See id. § 103(B). For example, public construction contracts for less than fifty thousand dollars are awarded based upon receipt of written bids. Id. Public construction contracts for less than $2,500 for minor maintenance or minor repair work may be negotiated with a qualified contractor. Id. § 103(C).
 SPLITTING OF CONTRACTS TO AVOID THE ACT
The conduct prohibited by Oklahoma law is not per se the splitting of contracts. Instead, Oklahoma law prohibits the splitting of contracts to avoid the requirements of the Public Competitive Bidding Act. All such contracts are void, and a knowing violation is a misdemeanor. Section 131 of the Act states:
 No contract shall be split into partial contracts for the purpose of avoiding the requirements of this act. All such partial contracts shall be void. Any person who knowingly violates the provisions of this section shall, upon conviction, be guilty of a misdemeanor punishable by imprisonment in the county jail for not more than one (1) year, or by a fine of not more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.
Id. (emphasis added.) Thus, it is critical to note the prohibition is against splitting a contract into partial contracts to avoid the requirements of the Public Competitive Bidding Act, not having partial contracts for less than the entire project amount. *Page 3 
 CONSTRUCTION MANAGERS AND PROJECTS
Next, we examine statutes relating to construction managers to determine the applicability of the bid splitting prohibitions. For purposes of this Opinion, "construction manager" is defined as follows:
 3. "Construction manager" means an individual, firm, corporation, association, partnership, copartnership, or any other legal entity possessing the qualifications to provide services of construction management which include, but are not necessarily limited to, design review, scheduling, cost control, value engineering, constructability evaluation, preparation and coordination of bid packages, and construction administration[.]
61 O.S.Supp. 2008, § 61[61-61].
A. What are construction managers and what do they do?
Construction management is "a project delivery method based on an agreement whereby the owner acquires from a construction entity a series of services that include, but are not necessarily limited to, design review, scheduling, cost control, value engineering, constructability evaluation, preparation and coordination of bid packages, and construction administration[.]" Id. § 202(4). A construction manager is the individual or firm that has an array of qualifications to assist public entities doing construction. Id. § 61(3). A state agency may decide to use the expertise of a construction manager for only selected services such as design review, or choose a construction manager as their expert to assist throughout the entire construction project serving major roles of construction administration and cost control.
There are registration requirements for those entities desiring to be considered for construction manager contracts. The Department of Central Services' ("DCS") administrative rules outline the selection process state agencies must follow in choosing a construction manager. The DCS rules state, "An individual or business entity that desires to provide or provides construction management services to the state must meet minimum qualifications established in this Section." OAC 580:20-17-3(a) (2007). "An individual or business entity that desires to provide construction management services to the state shall possess certification that demonstrates the individual's or business entity's capability to provide the services." OAC 580:20-17-3(b) (2007). Other administrative rules outline the considerations for selecting a construction manager and negotiating a contract with the successful entity. See OAC 580:20-17-3(c), 20-17-9 (2007). Thus, a state agency must have approval to use this project delivery method, and the firm or individual contracted to be the construction manager must demonstrate the qualifications to provide the services in the contract. *Page 4 
B. Projects using a construction manager.
The Oklahoma Legislature has provided guidance on when construction management methods may be chosen by state agencies. A state agency may not merely choose to use the construction management delivery system when doing public construction. The "construction management project delivery methods shall not be used without the written approval of the Director of Central Services, or the Director's designee, when those projects are constructed for a state agency." 61 O.S.Supp. 2008, § 202.1[61-202.1](A). In addition to applicable statutory requirements, contracts for construction managers are governed by applicable administrative rules of DCS. See OAC 580:20-17-1 — 20-21-9 (2003).
C. Separate bid packages for less than the entire project.
Our inquiry must also examine the contracts (or subcontracts) for the component work projects, as they relate to the bid splitting prohibition. Once a construction manager has been hired to assist the state agency, the construction manager can use its expertise to provide input to the state agency to complete a better project at a cost savings to the State. Business decisions based on design review, scheduling, cost control, value engineering, constructability evaluation, preparation and coordination of bid packages, and construction administration are made based upon what services were desired by the state agency and are set out in the contract. The business decision to divide the project or separate the project into bid packages to obtain a better product for the State at a better price is specifically authorized by statute and is not prohibited by the Public Competitive Bidding Act. Whether or not the decision is motivated by intent to avoid the application of the Public Competitive Bidding Act is a question of fact and is beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
The Legislature in authorizing construction management delivery methods recognized the benefits of the methods, but also chose to balance the benefits of separating some projects into smaller contracts with the freedom for other firms to compete for these subcontracts. The Oklahoma Legislature prevented stifling competition for subcontracts on public construction projects by stating, "The use of design-build and construction management project delivery methods shall not interfere [with] or inhibit the opportunity for subcontractors to openly and freely compete for subcontracts pursuant to the Public Competitive Bidding Act of 1974." 61 O.S.Supp. 2008, § 202.1[61-202.1](D).
Thus, the Legislature required subcontracts under the construction management method to follow the applicable sections of the Public Competitive Bidding Act. This is also demonstrated by the enactment of administrative rules on construction managers. DCS has adopted administrative rules in Title 580 of the Oklahoma Administrative Code consistent with these requirements for state agencies to follow in using the construction management delivery system. See OAC 580:20-17-9(b)(8) (2007) ("In administering the construction contract, the construction manager will adhere to Oklahoma public bidding laws in advertising and award of various work packages for a project.").
In construing statutory enactments, "Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel. Dep't of Health v. Robertson, *Page 5 152 P.3d 875, 877-78 (Okla. 2006). Additionally, "[t]he plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent." Boston Ave. Mgmt., Inc. v. Assoc. Res., Inc., 152 P.3d 880, 885
(Okla. 2007) (citing Fulsom v. Fulsom, 81 P.3d 652, 655 (Okla. 2003)).
In summary, when a state agency uses the construction management project delivery method and separates the overall project into smaller subcontracts, it does not constitute bid splitting when that decision is not made for the purpose of avoiding the bidding requirements of the Public Competitive Bidding Act. All construction contracts or subcontracts for work to be performed for any state agency pursuant to a construction management project delivery method must be awarded in accordance with the provisions of the Public Competitive Bidding Act and the applicable administrative rules of DCS, specifically OAC 580:20-17-1
— 20-17-10.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. For a state agency using the construction management and consulting services procedures which allow "preparation and coordination of bid packages," making the business decision to separate the project into partial contracts or bid packages is not prohibited as bid splitting when the decision is not made for the purpose of avoiding the bidding requirements of the Public Competitive Bidding Act of 1974, 61 O.S. 2001 Supp. 2008, §§ 102 — 138.
 2. When using a construction manager pursuant to the provisions of 61 O.S.Supp. 2008, § 202[61-202](4), including where the construction manager does the preparation and coordination of bid packages, a state agency must comply with the provisions of the Public Competitive Bidding Act of 1974. The Public Competitive Bidding Act of 1974 prohibits bid splitting into partial contracts to avoid the bidding requirements of the Act. 61 O.S.Supp. 2008, § 131[61-131].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA *Page 1