Dear Representative Banz:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Do the provisions of the Oklahoma Secure and Fair Enforcement for Mortgage Licensing Act, 59 O.S.Supp. 2009, §§ 2095[59-2095] — 2095.26, apply to a nonprofit organization that provides interest-free mortgages to limited income families?
 BACKGROUND
Several local, nonprofit Habitat for Humanity affiliates of Habitat for Humanity International provide decent, affordable housing for limited income families living in cities in Oklahoma. An interest-free mortgage is extended to these homebuyers in the amount of the cost of materials for construction of the houses. Your question concerns whether the provisions of the Oklahoma Secure and Fair Enforcement for Mortgage Licensing Act ("Act"), apply to entities and individuals who take a residential mortgage loan application or offer, negotiate or modify the terms of a residential mortgage loan in the amount of the building costs that is interest free, and is secured by the dwelling purchased by the homebuyer from the nonprofit organization, Habitat for Humanity.
 LEGISLATIVE INTENT
"Legislative intent governs statutory interpretation and this intent is generally ascertained from a statute's plain language." State ex rel.Okla. State Dep't of Health v. Robertson, 152 P.3d 875, 877-78 (Okla. 2006). Additionally, "[t]he plain meaning of a statute's language is conclusive except in the rare case when literal construction would produce a result demonstrably at odds with legislative intent." BostonAve. Mgmt., Inc. v. Assoc. Res., Inc., 152 P.3d 880, 885 (Okla. 2007) (quoting Fulsom v. Fulsom, 81 P.3d 652, 655 (Okla. 2003)). A reading of the Act shows that it is clear and unambiguous; therefore, we will use the language of the Act to answer your question. *Page 2 
 OKLAHOMA SECURE AND FAIR ENFORCEMENT FOR MORTGAGE LICENSING ACT
The Act was enacted in response to mandates of the federal S.A.F.E. Mortgage Licensing Act of 2008 ("S.A.F.E. Act"), 12 U.S.C. §§ 5101 — 5116. The S.A.F.E. Act requires states to "have in place by law or regulation a system for licensing and registering loan originators that meets" certain requirements of the S.A.F.E. Act or to "participate in the Nationwide Mortgage Licensing System and Registry"; if states do not meet this requirement by a certain date, the Secretary of Housing and Urban Development "shall provide for the establishment and maintenance of a system for the licensing and registration by the Secretary of loan originators operating in [the] State as State-licensed loan originators."[1] "Legislation enacted or regulations promulgated by a state may exceed the minimum standards of the SAFE Act."[2] In that regard, the Act requires the licensure of not only mortgage loan originators but also the licensure of mortgage brokers. 59 O.S.Supp. 2009, § 2095.5[59-2095.5](A)(1).
The Act was written to establish "reasonable standards for licensing and regulation of the business practices of mortgage brokers and mortgage loan originators" in order "to protect consumers seeking mortgage loans and to ensure that the mortgage lending industry is operating without unfair, deceptive and fraudulent practices on the part of mortgage brokers and mortgage loan originators." Id. § 2095.1. Subsection 2095.5(A)(1) states that an entity or individual, unless specifically exempted from the Act as provided in Section 2095.3, "shall not engage in the business of a mortgage broker or mortgage loan originator with respect to any dwelling located in this state without first obtaining and maintaining annually a license under this act." Id.
A. Neither a nonprofit organization nor a person who works on its behalfis specifically exempted from the Act.
Pursuant to the Act entities or individuals who meet the definitions of "mortgage broker" and "mortgage loan originator" shall not engage in that business in this State without first being licensed, unless they are "specifically exempted" from the Act. Id. § 2095.5(A)(1).
Section 2095.3 sets out the following exemptions from all provisions of the Act:
 1. Registered mortgage loan originators, when acting for an entity described in divisions (1), (2) and (3) of subparagraph a of paragraph 17 of Section 5 of this act;[3] *Page 3 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 4 
 2. An individual who offers or negotiates or modifies terms of a residential mortgage loan with or on behalf of an immediate family member of the individual;
 3. An individual who offers or negotiates or modifies terms of a residential mortgage loan secured by a dwelling that served as the individual's residence; or
 4. A licensed attorney who negotiates or modifies the terms of a residential mortgage loan on behalf of a client as an ancillary matter to the attorney's representation of the client, unless the attorney is compensated by a lender, a mortgage broker or other mortgage loan originator or by any agent of such lender, mortgage broker, or other mortgage loan originator.
Id. (footnote added).
The Act contains no exemption for nonprofit organizations or for individuals working on behalf of a nonprofit organization.[4] Whether these entities or individuals would otherwise be exempt involves questions of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). However, a non-profit organization or persons working on its behalf may not satisfy the definition of a "mortgage broker" or a "mortgage loan originator" as defined by the Act. An individual or entity who does not satisfy these definitions is not required to obtain a license under the Act.
B. If Habitat for Humanity does not meet the definition of "mortgagebroker" or is exempt, it need not be licensed. 59 O.S.Supp. 2009, §2095.5[59-2095.5](A)(1). Whether a nonprofit organization, Habitat forHumanity, meets the definition of a "mortgage broker" is an issue offact.
Subsection 2095.2(12) defines "mortgage broker." It states:
 a. "Mortgage broker" means an entity who for compensation or gain or in the expectation of compensation or gain:
 (1) takes a residential mortgage loan application, or *Page 5 
 (2) offers, negotiates or modifies the terms of a residential mortgage loan.
 b. Mortgage broker does not include:
 (1) an entity engaged solely as a loan processor or underwriter except as otherwise provided in Section 8 of this act,
 (2) an entity that only performs real estate brokerage activities and is licensed or registered in accordance with Oklahoma law, unless the entity is compensated by a lender, a mortgage broker, or other mortgage loan originator or by any agent of such lender, mortgage broker or other mortgage loan originator, and
 (3) an entity solely involved in extensions of credit relating to timeshare plans, as that term is defined in 11 U.S.C., Section 101(53D) United States Code[.]
Id.
The definition of "mortgage broker" is comprised of several other statutorily defined terms. Of particular interest to the issue that you raise is "compensation." Subsection 2095.2(5) defines "compensation" as "anything of value or any benefit including points, commissions, bonuses, referral fees and loan origination fees[.]" That the loans are provided interest free is an important consideration in determining whether Habitat for Humanity is an entity "who for compensation or gain or in the expectation of compensation or gain"[5] takes a residential mortgage loan application, or offers, negotiates or modifies the terms of a residential mortgage loan. However, "compensation" includes "anything of value or any benefit." Id. § 2095.2(5). Other factors may enter into the determination of whether Habitat for Humanity receives or expects to receive compensation or gain.
Pursuant to the Act, if Habitat for Humanity does not take a residential mortgage loan application, or offer, negotiate or modify the terms of a residential mortgage loan "for compensation or gain or in the expectation of compensation or gain" or is exempt, it need not be licensed. See id. §§ 2095.2(12), 2095.5(A)(1). Whether Habitat for Humanity does these acts "for compensation or gain or in the expectation of compensation or gain"[6] or falls within one of the divisions of subsection 2095.2(13)(b) involves questions of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
C. If an individual who works on behalf of Habitat for Humanity does notmeet the definition of "mortgage loan originator" or is exempt thatindividual need not be *Page 6 licensed. 59 O.S.Supp. 2009, § 2095.5[59-2095.5](A)(1). Whether anindividual who works on behalf of a nonprofit organization, Habitat forHumanity, meets the definition of a "mortgage loan originator" is anissue of fact.
Subsection 2095.2(13) defines "mortgage loan originator." It states:
 a. "Mortgage loan originator" means an individual who for compensation or gain or in the expectation of compensation or gain:
 (1) takes a residential mortgage loan application, or
 (2) offers or negotiates or modifies the terms of a residential mortgage loan.
 b. Mortgage loan originator does not include:
 (1) an individual engaged solely as a loan processor or underwriter except as otherwise provided in Section 8 of this act,
 (2) an individual that only performs real estate brokerage activities and is licensed or registered in accordance with Oklahoma law, unless the individual is compensated by a lender, a mortgage broker, or other mortgage loan originator or by any agent of such lender, mortgage broker, or other mortgage loan originator, and
 (3) an individual solely involved in extensions of credit relating to timeshare plans, as that term is defined in 11 U.S.C., Section 101(53D)[.]
Id.
Several statutorily defined terms also comprise the definition of "mortgage loan originator." Pursuant to the Act, if an individual who works on behalf of Habitat for Humanity does not take a residential mortgage loan application or offer, negotiate or modify the terms of a residential mortgage loan "for compensation or gain or in the expectation of compensation or gain" or is exempt, that individual need not be licensed. See id. §§ 2095.2(12), 2095.5(A)(1). Whether an individual who works on behalf of Habitat for Humanity does these acts "for compensation or gain or in the expectation of compensation or gain" or falls within one of the divisions of subsection 2095.2(b)[7] involves questions *Page 7 
of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
We note that the Act gives "[b]road administrative authority for the Administrator of Consumer Credit to administer, interpret and enforce this act and promulgate rules, subject to approval of the Commission on Consumer Credit, in order to carry out the intentions of the Legislature." 59 O.S.Supp. 2009, § 2095.1[59-2095.1](2). The Oklahoma Administrative Rule, 160:3-1-1.2(c) of the Department of Consumer Credit Rules provides for declaratory rulings. Therefore, an avenue exists for Habitat for Humanity to file a petition for a declaratory ruling with the Administrator of the Commission on Consumer Credit as to the applicability of the Act to itself and to persons acting on its behalf.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The provisions of the Oklahoma Secure and Fair Enforcement for Mortgage Licensing Act, 59 O.S.Supp. 2009, §§ 2095[59-2095] — 2095.26, apply to entities and individuals who meet the definitions of "mortgage broker" or "mortgage loan originator" set out in Section 2095.2, unless these entities or individuals are exempted by Section 2095.3.
 2. The Act contains no specific exemption for nonprofit organizations. The Act contains no specific exemption for individuals working on behalf of a nonprofit organization. Whether these nonprofit organizations or individuals would otherwise be exempt involves questions of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[ 74-18b](A)(5).
 3. If Habitat for Humanity does not take a residential mortgage loan application or offer, negotiate or modify the terms of a residential mortgage loan "for compensation or gain or in the expectation of compensation or gain" or is exempt, Habitat for Humanity need not be licensed in Oklahoma pursuant to the Act. See 59 O.S.Supp. 2009, §§ 2095.2[59-2095.2](12), 2095.5(A)(1). If an individual working on behalf of Habitat for Humanity does not take a residential mortgage loan application or offer, negotiate or modify the terms of a residential mortgage loan "for compensation or gain or in the expectation of compensation or gain" or is exempt, this individual need not be licensed in Oklahoma pursuant to the Act. See id. §§ 2095.2(12), 2095.5(A)(1). Whether Habitat for Humanity, or persons working on its behalf meet the definitions of "mortgage broker" or "mortgage loan originator" involves questions of fact that cannot be answered in an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5). *Page 8 
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA BRINDA K. WHITE
ASSISTANT ATTORNEY GENERAL
[1] 12 U.S.C. § 5107(a) (West, Westlaw current through 2009 portion of 2009-10 Sess.).
[2] Hud.com, Commentary on Model State Law, ¶ A, http://www.hud.gov/offices/hsg/ramh/safe/cmsl.cfm (last visited June 28, 2010).
[3] Subsection 2095.2(17), defines a "registered mortgage loan originator" as any individual who:
 a. meets the definition of mortgage loan originator and is an employee of:
 (1) a depository institution,
 (2) a subsidiary that:
 (a) is owned and controlled by a depository institution, and
 (b) is regulated by a federal banking agency, or
 (3) an institution regulated by the Farm Credit Administration, and
 b. is registered with and maintains a unique identifier through, the Nationwide Mortgage Licensing System and Registry[.]
A "mortgage loan originator" is defined in subsection 2095.2(13), see also part C of Opinion.
[4] In answer number 7 of Frequently Asked Questions and Answers
dealing with the S.A.F.E. Act, the Department of Housing and Urban Development stated that "whether an organization has a non-profit status is not determinative as to whether individuals working for or on behalf of such an organization engage in the business of a loan originator and, accordingly, must be licensed." Id.
http://www.hud.gov/offices/hsg/ramh/safe/safeactfaq.pdf (last visited June 28, 2010). Also, in that same answer, HUD stated, "A state may not exempt individuals whose activities constitute `engaging in the business of a loan originator.'" Id.
[5] 59 O.S.Supp. 2009, § 2095.2[59-2095.2](12).
[6] See footnote 5.
[7] Under subsection 2095.2(13)(b)(1), "mortgage loan originator" does not include "an individual engaged solely as a loan processor or underwriter except as otherwise provided in Section 8 of this act[.]" Subsection 2095.2(11)(a) defines "loan processor or underwriter" as "an entity or individual who performs support duties as an employee at the direction of and subject to the supervision and instruction of an entity or individual licensed or exempt from licensing as provided in Section 6 of this act." If Habitat for Humanity is not licensed and is not exempt from licensing, then an employee of Habitat for Humanity is not a "loan processor or underwriter." These persons would be subject to the requirements of the Act if they meet the definition of "mortgage loan originator" and are not excluded under subsection 2095.2(13)(b)(2) or (b)(3). *Page 1