## TENSFIELD, Adm'r, v. MAGNOLIA PE-TROLEUM CO. et al.

No. 18224. Opinion Filed July 10, 1928.

Rehearing Denied Dec. 18, 1928.

Thurman S. Hurst, for plaintiff in error.

McCollum & McCollum, for defendants in error.

LESTER, J. F. C. Tensfield, as administrator of the estate of George William Hissom, deceased, brought a suit against the Magnolia Petroleum Company for the possession of certain shares of stock alleged to have been owned by George William Hissom at the time of his death. The plaintiff also joined James G. Hissom party defendant, alleging that he claimed some right, title, or interest in said property.

The Magnolia Petroleum Company filed its answer, disclaiming any interest in said stock other than that of being a mere stakeholder, and in its answer it offered to abide the judgment of the district court relating to the delivery of said stock.

Trial was had to the court upon an agreed statement of facts. The court rendered judgment in favor of the defendant James G. Hissom for 35 shares of said stock and in favor of the plaintiff for 15 shares. From the judgment of the court in favor of the defendant James G. Hissom, the administrator appeals.

The agreed statement of facts shows that George William Hissom died intestate, October 20, 1925; that long prior to his death, to wit, December 24, 1924, he married Ruby Tensfield, and that they resided together as husband and wife until the death of said George William Hissom; that of said marriage there was born Billy Joe Hissom, their only child, who was born one day after the death of his father.

If further appears that the deceased for several years preceding his death had been employed by the Magnolia Petroleum Company; that it was the policy of the said company to encourage its employees in purchasing stock in said company, and that under the plan of purchase an employee could authorize the company to deduct a certain per cent. of his salary and apply the

same on the payment of said stock; that on the 28th day of June, 1924, and prior to the marriage of said Hissom, he subscribed for stock in the Magnolia Petroleum Company; and it further appears that under the purchase plan of the stock by an employee, it was customary to require an employee, as purchaser of said stock, to designate a beneficiary to whom the stock might be delivered in the event of the death of such employee, with the right of the employee to change such beneficiary from time to time. In the instant case young Hissom named his father, James G. Hissom, as his beneficiary, with the right to substitute another from time to time; the heirs of the said estate being the wife and only child of young Hissom.

The question presented to this court is whether or not title to said stock vested in the elder Hissom, to the exclusion of the deceased's estate.

Section 8552, C. O. S. 1921, provides:

"Property is acquired by: First. Occupancy; Second. Accession; Third. Transfer; Fourth. Will; or, Fifth. Succession."

The only applicable provision of the above section, as applied to the facts herein, would be the acquisition of property by transfer or will. The defendants in error admit that the instrument executed by young Hissom did not constitute a will; therefore, if the elder Hissom obtained title to said stock, it must have been by transfer, and transfer would include gift, sale, or assignment. It does not appear that the element of sale or assignment was present in the transaction. Young Hissom simply designated his father as beneficiary in his application for the purchase of stock, reserving his right to change, from time to time, the beneficiary then named.

A beneficiary is sometimes defined as a recipient of another's bounty. We think that in the instant case the transaction more nearly approached an attempt to constitute a gift inter vivos; however, in order to constitute a gift inter vivos, there must be a complete delivery to the donee; the absolute title passes to the donee and is irrevocable. In the instant case it can be clearly seen that, prior to the death of young Hissom, title to the said stock vested in him, and there had never been a specific transfer from him to his father. A written instruction given to the petroleum company to deliver the stock in case of death of the owner was at all times during the life of young Hissom revocable. Therefore, no completed act or element was sufficiently present to cast title by transfer to said stock in the father of the deceased; hence the administrator must prevail.

Judgment is reversed, with directions to enter judgment for the administrator.

MASON, V. C. J., and PHELPS, HUNT, and HEFNER, JJ., concur.