2006 OK CIV APP 132

Leann HOPKINS, Plaintiff/Appellee,

v.

Amanda BYRD, Defendant/Appellant.

No. 101,887.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Sept. 26, 2006.

Holly Hefton Holly Hefton, P.C. Oklahoma City, OK, for Plaintiff/Appellee.

T.J. Shelton Lawson, King & Shelton, P.L.L.C. Oklahoma City, OK, for Defendant/Appellant.

Michael W. Brewer Hiltgen & Brewer, P.C. Oklahoma City, OK, and Thomas D. Hird for Amicus Curiae, The Richards & Connor Oklahoma Association Tulsa, OK, of Defense Counsel.

Opinion by JANE P. WISEMAN, Presiding Judge.

¶1 Defendant, Amanda Byrd, appeals an order of the trial court denying her request for an award of attorney fees against Plaintiff, Leann Hopkins, pursuant to 12 O.S. Rev. Supp.2005 § 1101.1. Plaintiff counter-appeals the award of costs to Defendant pursuant to § 1101.1 and 12 O.S.2001 § 942. The issue on appeal is whether Defendant is entitled to costs and attorney fees even though her costs and attorney fees were paid by her liability insurer. We find that Defendant is entitled to an award of costs and attorney fees pursuant to § 1101.1, and affirm in part, reverse in part, and remand for further proceedings.

¶2 Plaintiff filed her action against Defendant seeking damages for personal injuries arising out of an automobile collision. Defendant offered to confess judgment, pursuant to § 1101.1, in the amount of $5,000; the offer was deemed rejected for lack of response from Plaintiff. The case proceeded to trial and the jury returned a verdict for Defendant; a judgment was entered consistent with the jury's verdict.

¶3 Defendant filed an application for costs pursuant to 12 O.S.2001 §§ 929, 942, and 12 O.S. Rev. Supp.2005 § 1101.1, and for attorney fees pursuant to § 1101.1. Plaintiff responded to Defendant's request by challenging the reasonableness of the attorney fees and the recoverability of some of the costs. The trial court ruled as follows:

The Court ... finds that costs in the amount of two thousand, three hundred fifteen dollars ($2,315.00) should be awarded pursuant to 12 O.S. § 942 and costs in the amount of five hundred eight dollars and thirty eight cents ($508.38) should be awarded pursuant to 12 O.S. § 1101.1. As to the issue of attorney fees, the Court finds that the Defendant had in place a policy of liability insurance which by its terms provided Defendant with legal representation, either by an outside defense attorney or by an in-house attorney-employee of the insurance company. As a result, the Defendant did not incur attorney fees. Consequently, Defendant's Motion for Attorney Fees is denied in full.

Defendant appeals the denial of her request for attorney fees, and Plaintiff appeals the award of costs.

¶4 The issue of whether Defendant is entitled to costs and attorney fees pursuant to § 1101.1 presents a question of statutory construction and is "subject to an appellate court's plenary, independent and nondeferential reexamination." *Twin Hills Golf & Country Club, Inc. v. Town of Forest Park,* 2005 OK 71, ¶5, 123 P.3d 5, 6.

¶5 It is undisputed that Plaintiff demanded more than $100,000 in damages from Defendant; Defendant offered to confess judgment for $5,000 pursuant to § 1101.1(A); the offer was deemed rejected because Plaintiff did not file a response to it; and the jury returned a verdict in favor of Defendant. Pursuant to § 1101.1(A)(3), Defendant is "entitled to recover reasonable litigation costs and reasonable attorney fees incurred by [Defendant] from the date of filing of the final offer of judgment until the date of the verdict." In denying the request for attorney fees, the trial court focused on the word

"incurred" and determined that, because Defendant's insurer, not Defendant, incurred attorney fees on behalf of Defendant, Defendant cannot recover fees. We disagree with the trial court's conclusion.

¶ 6 "The goal of any inquiry into the meaning of a legislative enactment is to ascertain and follow its legislative intent." *Bronson Trailers & Trucks v. Newman*, 2006 OK 46, ¶ 9, 139 P.3d 885, 890. An appellate court will presume that the legislature expressed its intent in the plain language of the statute. *Id.* However, to understand accurately the legislative policy underlying a statute, it is proper and sometimes necessary to consider the history and the particular problem the statute was intended to address. *Tomahawk Res., Inc. v. Craven*, 2005 OK 82, ¶ 5, 130 P.3d 222, 223. An appellate court "will not adopt a construction which defeats the legislative intent as shown by other related enactments." *Id.*

¶ 7 Section 1101.1 was enacted in 1995 as part of the Tort Reform Law. Charles W. Adams, *Recent Developments in Oklahoma Law—Civil Procedure*, 31 Tulsa L.J. 753, 754 (1996) (citing 1995 Okla. Sess. Laws 287). It is similar to 12 O.S.2001 § 1101, which governs offers of judgment in actions for the recovery of money and allows a recovery of costs, but not attorney fees, if a plaintiff fails to obtain a judgment for more than the defendant offered. The purpose of § 1101 is to promote "judgments without protracted litigation" by furnishing "additional incentives to encourage a plaintiff to accept a defendant's offer to confess judgment" and to encourage a defendant to offer to confess early so as to "avoid further increases in costs which may be incurred [for] trial preparation." *Dulan v. Johnston*, 1984 OK 44, ¶ 10, 687 P.2d 1045, 1047. The purpose of § 1101.1 is the same. *See Allen Farms, Inc. v. Broce Constr. Co.*, 2006 OK CIV APP 36, ¶ 21, 134 P.3d 852, 856–57.

¶ 8 For varying reasons, courts in other jurisdictions have rejected the idea that a party that is provided a defense through an insurance policy or other indemnification agreement may not recover costs or attorney fees pursuant to a statute that would allow such recovery. Most directly on point is *Aspen v. Bayless*, 564 So.2d 1081 (Fla.1990), in which the Florida Supreme Court addressed the issue of whether, under an offer to confess judgment statute, a defendant can recover costs where the defendant's insurance policy provides that the insurer will pay all costs so the defendant never incurs any liability for them. The Florida Supreme Court answered "yes" to the question. It rejected the contrary rule, because (1) an insurance company's right of subrogation would include rights against its own insured if the insured were to recover and attempt to keep costs and expenses awarded in the case; (2) "[f]ailure to allow a cost award to a prevailing defendant who is insured, because of the fact of insurance coverage alone, gives the plaintiff, and/or the plaintiff's insurance carrier, an undeserved windfall"; (3) a plaintiff should not be afforded a fortuitous benefit merely because the defendant has paid premiums for insurance; and (4) failure to allow recovery of fees would subvert the purpose and intent of the offer to confess judgment statute which is to encourage parties to settle claims without going to trial.[1] *Id.* at 1082–83.

¶ 9 In *Hale v. Erickson*, 23 P.3d 1255, 1257 (Colo.Ct.App.2001), the Colorado Court of Appeals held that to prohibit a defendant from recovering costs under a similar statute would severely thwart the purposes of the statute, which are to penalize a nonsettling plaintiff, encourage settlement, curb protracted and fruitless litigation, and discourage the filing of unnecessary litigation. "Insurance defense is common, and plaintiffs in such situations necessarily would have less incentive to settle." *Id.* In *Ferrer v. Ngo*, 102 Hawai'i 119, 73 P.3d 73, 80 (2003), the Supreme Court of Hawaii held:

> A plaintiff retains the right to sue for damages notwithstanding the fact that

---

1. With regard to the last reason, the Florida Supreme Court said, "Most tort claims involve liability insurance companies which are contractually obligated to pay litigation costs on behalf of, and to indemnify and pay costs assessed against, their insureds. If a named insured is unable to obtain costs under [the offer to confess judgment statute], there would be less incentive to accept an offer to settle and no penalty for failing to do so." *Aspen*, 564 So.2d at 1083.

those damages have been or will be paid by the plaintiff's insurer. When a party's insurer is providing defense and coverage, the party and the insurer are, to the limits of the coverage, one party defending under the name of the insured. The benefits flowing from a party's insurance coverage flow in favor of the insured party, not the adverse party.

See also *Mullins v. Kessler*, 83 P.3d 1203 (Colo.Ct.App.2003) ("The arrangement between defendant and his liability insurer for the disbursement and repayment of ... costs is of no consequence."); *Public Utils. Dist. No. 1 of Grays Harbor v. Crea*, 88 Wash.App. 390, 945 P.2d 722 (1997); *Howard P. Foley Co. v. Employers–Commercial Union*, 15 Ariz.App. 350, 488 P.2d 987 (1971) (plaintiff is not entitled to benefit from defendant's insurance contract); *Safway Rental & Sales Co. v. Albina Engine & Mach. Works, Inc.*, 343 F.2d 129 (10th Cir.1965) (applying Oklahoma law) ("if there had been no insurance the insured would have had to pay the judgment, costs, and fees, and would have had a right to recover them").

■ ¶ 10 It is clear from the language of § 1101.1, its history, and the interpretation placed on § 1101 that the intent of § 1101.1 is to encourage settlements prior to trial, lessen litigation costs, and decrease the number of baseless lawsuits. A plaintiff must seriously consider a defendant's settlement offer or face the possibility of being made to pay the defendant's costs and attorney fees. The trial court's interpretation of § 1101.1 would thwart these purposes, because it would limit the application of § 1101.1 to cases where the defendant is not insured. This would remove thousands of cases from the umbrella of § 1101.1 and would do little to encourage early settlement of cases. Moreover, a plaintiff would benefit from a defendant's fortuitous procurement of insurance. The trial court's interpretation of the

language of § 1101.1 cannot be what the legislature meant.

■ ¶ 11 We also note, as pointed out in the *amicus* brief of the Oklahoma Association of Defense Counsel, that the trial court's interpretation could possibly affect other statutes that allow the recovery of attorney fees and costs *incurred* by a party. For instance, 12 O.S. Rev. Supp.2005 § 2011 allows sanctions to be imposed against an attorney for filing frivolous pleadings, motions, and other papers. The sanction may include payment "of some or all of the reasonable attorney fees and other expenses *incurred* [by the moving party] as a direct result of the violation." (Emphasis added.) *See also* 12 O.S. Rev. Supp.2005 § 2011.1 (sanctions for frivolous actions not arising out of contract). "[T]he purpose of the sanction provision in § 2011 is to discourage pleadings, motions or other papers that are frivolous or are filed for an improper purpose such as delay." *Cooper v. Booher*, 2004 OK 40, ¶ 7, 93 P.3d 19, 22.

■ ¶ 12 Similar to § 2011, 12 O.S. Rev. Supp.2005 §§ 3226.1, 3230, and 3237 allow as a sanction for discovery abuses the recovery of costs and attorney fees *incurred*. These sanctions are "designed as a tool to compel production of evidence, compensate adversaries for unnecessary expense and deter misconduct." *Cf. Payne v. Dewitt*, 1999 OK 93 n. 7, 995 P.2d 1088, 1093 (discovery sanctions pursuant to § 3237).[2] As with § 1101.1, the purpose of these statutes would be thwarted by allowing an offending party to escape sanctions merely because the other party did not actually have to pay attorney fees because of insurance coverage.

¶ 13 We must conclude that Defendant is entitled to recover both her attorney fees and costs under § 929 and § 1101.1. On remand, the trial court shall hold a hearing to determine the reasonable attorney fees that accrued after Defendant offered to confess

---

**2.** Other examples of statutes that use the word "incurred" in relation to recovery of costs or attorney fees are 12 O.S. Rev. Supp.2005 § 832.1 (duty of manufacturer to indemnify seller in products liability action); 12 O.S.2001 § 995 (dismissal of frivolous appeals); 12 O.S.2001 § 1106 (offer to "confess judgment for part of the amount claimed, or part of the causes involved in

the action"); 12 O.S. Rev. Supp.2005 § 1876 (judgments entered in conformity with orders "confirming, vacating without directing a rehearing, modifying, or correcting an award"); 15 O.S.2001 § 761.1 (frivolous actions or defenses under the Consumer Protection Act); 12 O.S. 2001 § 1141.5 (quiet title actions); 23 O.S.2001 § 103 (actions asserted in bad faith).

judgment. Because Plaintiff only challenges Defendant's entitlement to costs and not the reasonableness of the costs awarded by the trial court, the award of costs is affirmed.[3]

¶14 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

GOODMAN, J., and FISCHER, J., concur.

---

**3.** In addition to challenging an award of costs incurred after the offer to confess judgment made pursuant to § 1101.1, Plaintiff challenges the award of costs under 12 O.S.2001 §§ 929 and 942. For the same reasons discussed above, we conclude that Defendant is entitled to costs as prevailing party under § 929, as well as pursuant to § 1101.1.