2011 OK 50

**Vick Allen HUBBARD, Plaintiff/Appellant,**

v.

**KAISER–FRANCIS OIL COMPANY, a Delaware corporation, Texas Southwest Gas, L.L.C., a Texas corporation, and GBK Corporation, Defendants/Appellees.**

No. 105,701.

Supreme Court of Oklahoma.

June 7, 2011.

Laurence L. Pinkerton, Judith A. Finn, Pinkerton & Finn, P.C., Tulsa, Oklahoma, for Plaintiff/Appellant.

Keith F. Sellers, Sellers Law Firm, and Frederic G. Dorwart, Erica A. Dorwart, Paul DeMuro, Michael J. Medina, Frederic Dorwart Lawyers, Tulsa, Oklahoma, for Defendants/Appellees.

COMBS, J.:

¶1 This cause presents questions of first impression in Oklahoma law: (1) whether a

judgment in favor of a defendant triggers the application of 12 O.S. Supp.2002, § 1101.1(B);[1] (2) whether a judgment that has been appealed and remanded negates a defendant's offer of judgment made prior to the appeal; (3) when is a judgment final for purposes of § 1101.1(B); and (4) must an offer of judgment be reasonable.

¶2 In a 2–1 decision, the Court of Civil Appeals (COCA), Division IV, affirmed the district court's award of costs and attorney fees to Defendants pursuant to offers of judgment made by Defendants under 12 O.S. Supp.2002, § 1101.1(B). We previously granted certiorari to decide the first-impression questions.

### BACKGROUND

¶3 On May 5, 2004, Hubbard filed suit against Defendants for breach of an oil and gas lease, and gas purchase contract regarding a royalty interest owned by him. On May 25, 2004, Kaiser–Francis Oil Company filed an offer of judgment pursuant to 12 O.S. Supp.2002, § 1101.1(B), offering $275 for each of the seven counts against it. Texas Southwest Gas, L.L.C., and GBK Corporation followed suit with similar offers on June 4, 2004. Hubbard did not accept Defendants' offers or submit a counteroffer and, by statute, the offers were deemed rejected.

¶4 Defendants filed a motion for summary judgment which was granted and entered on March 28, 2005. Hubbard appealed. Thereafter, Defendants filed a joint motion to recover their costs and fees based on Hubbard's failure to obtain a judgment for more than the amount of Defendants' § 1101.1(B) offers. On or around July 6, 2005, the parties reached an agreement on the amount of litigation costs and attorney fees to be paid by Hubbard. Hubbard paid this amount and Defendants withdrew their motion.

¶5 As a result of the appeal, the case was remanded and ordered to include a judgment roll from a related case to be filed with the district court.[2] Defendants again moved for

---

1. That statute provides, in pertinent part:

    B. Other actions.
    1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:
    a. a written acceptance or rejection of the offer, or
    b. a counteroffer of judgment, as described in paragraph 2 of this subsection.
    If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.
    2. In the event a defendant files an offer of judgment, the plaintiff may, within ten (10) days, file with the court a counteroffer of judgment to each defendant who has filed an offer of judgment and the claim or claims which are the subject thereof. If a counteroffer of judgment is filed, each defendant to whom a counteroffer of judgment is made shall, within ten (10) days, file a written acceptance or rejection of the counter-

    offer of judgment. If a defendant fails to file a timely response, the counteroffer of judgment shall be deemed rejected. The fact a counteroffer of judgment is made but not accepted or is deemed rejected does not preclude subsequent counteroffers of judgment if subsequent offers of judgment are made.
    3. If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is less than one or more offers of judgment, the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees incurred by the defendant with respect to the action or the claim or claims included in the offer of judgment from and after the date of the first offer of judgment which is greater than the judgment until the date of the judgment. Such costs and fees may be offset from the judgment entered against the offering defendant.
    4. If no offer of judgment or counteroffer of judgment is accepted and the judgment awarded the plaintiff is greater than one or more counteroffers of judgment, the plaintiff shall be entitled to recover the reasonable litigation costs and reasonable attorney fees incurred by the plaintiff with respect to the action or the claim or claims included in the counteroffer of judgment from and after the date of the first counteroffer of judgment which is less than the judgment until the date of the judgment. Such costs and fees may be added to the judgment entered in favor of the plaintiff.

2. It is unclear from the record what issues Hubbard asserted during the first appeal.

summary judgment, as did Hubbard. The district court granted the motions of Defendants and denied Hubbard's motion. Judgment for the Defendants was entered on November 8, 2007, and Hubbard appealed this judgment on December 7, 2007.[3] On the same day, Defendants filed a supplemental joint combined motion for attorney fees seeking the amount of costs and fees they had incurred subsequent to July 7, 2005.[4] On January 28, 2008, a Joint Stipulation was filed. On February 27, 2008, the district court granted Defendants' motion, awarding the amount that the parties stipulated Defendants had incurred. It is from this order that Hubbard appeals.

### DISCUSSION

■ ¶ 6 The issues in this case revolve around the construction of 12 O.S. Supp.2002, § 1101.1(B). In cases involving questions of law relating to statutory interpretation, the appropriate standard of review is *de novo*, "i.e., a non-deferential, plenary and independent review of the trial court's legal ruling[s]." *Fulsom v. Fulsom*, 2003 OK 96, ¶ 2, 81 P.3d 652, 654, citing *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 8 and n. 5, 33 P.3d 302, 305 and n. 5.

### 1. Prevailing Defendants Are Entitled to Seek Fees and Costs Under 12 O.S. Supp.2002, § 1101.1(B).

■ ¶ 7 As recognized by this Court in *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.*, 2007 OK 5, ¶ 13 and n. 7, 152 P.3d 880, 885 and n. 7, we have never addressed the issue of whether a prevailing defendant, i.e., a defendant who obtains a judgment in his favor, may recover fees and costs pursuant to a § 1101.1(B) offer of judgment.[5] Although not precedential, it should be noted that the Oklahoma Court of Civil Appeals has held several times that a prevailing defendant may recover its attorney fees and costs pursuant to § 1101.1(B).[6] Resolution of this issue depends upon our interpretation of the statutory phrase "the judgment awarded the plaintiff."

■ ¶ 8 Generally, statutes are to be interpreted in accordance with their plain, ordinary meaning according to the import of the language used. *In re Certification of Question of State Law*, 1977 OK 16, 560 P.2d 195. Nevertheless, where the literal meaning of a statute would result in great inconvenience or lead to absurd consequences the Legislature could not have contemplated, we are bound to presume such consequences were not intended, and must adopt a construction which will promote the ends of justice and avoid the absurdity. *Cox v. Dawson*, 1996 OK 11, ¶ 20, 911 P.2d 272, 281; *Oliver v. City of Tulsa*, 1982 OK 121, ¶ 25, 654 P.2d 607, 612; *Taylor v. Langley*, 1941 OK 67, ¶ 0, 112 P.2d 411, 412.

¶ 9 Hubbard correctly notes that no judgment was awarded him in this case because the district court granted Defendants' motions for summary judgment and awarded judgment in their favor. Indeed, Hubbard argues that because he was not awarded a judgment, the Defendants' § 1101.1(B) offers of judgment are invalid or ineffective. Hub-

---

**3.** In *Hubbard v. Kaiser–Francis et al.* (Court of Civil Appeals 2008 unpublished opinion, No. 105,352).

**4.** In footnote 1 of Defendants' Supplemental Joint Combined Motion for Attorney's Fees And Brief in Support (Case No. CJ–2004–275; Grady County, State of Oklahoma), Defendants state "[b]ecause of the fee agreement, the defendants do not request any fees and expenses incurred prior to July 7, 2005." On page 1 in the main body of the Motion they request "recovery of their legal fees and reasonable litigation costs incurred subsequent to July 7, 2005".

**5.** 5 In *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.*, 2007 OK 5, ¶ 13 and n. 7, 152 P.3d 880, 885 and n. 7, we stated:

Thus, a decision as to whether an actual defendant's judgment after a trial on the merits or a summary judgment in favor of a defendant that could be considered a final adjudication in respect to the actual action or the claim or claims included in the offer of judgment would trigger the cost and attorney fee provisions of § 1101.1(B)(3) will have to await another day in a matter where the case's circumstances necessitate determination of the question. That day has arrived.

**6.** *Commercial Financial Services, Inc. v. J.P. Morgan Securities, Inc.*, 2007 OK CIV APP 8, 152 P.3d 897; *Hopkins v. Byrd*, 2006 OK CIV APP 132, 146 P.3d 864, and *Fuller v. Pacheco*, 2001 OK CIV APP 39, 21 P.3d 74.

bard claims the statute is triggered only when the plaintiff is the prevailing party in the underlying action.

¶ 10 Hubbard asserts that only a judgment awarded to a plaintiff can trigger a § 1101.1(B) award of fees and costs. If we accept that argument, we would be constrained to hold that the Legislature intended to advance fees and costs to a defendant where the plaintiff recovers only $1 but not where the defendant receives an outright judgment in its favor. Such an absurd result would not further the purpose of § 1101.1(B) which is to encourage settlement by creating the possibility of fee-shifting.

¶ 11 Hubbard urges us to follow the United States Supreme Court opinion of *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), which interpreted Rule 68 of the Federal Rules of Civil Procedure.[7] *Delta* involved the application of Rule 68 to an unsuccessful plaintiff pursuing claims of employment discrimination. The Court determined that Rule 68, by its plain language, does not apply to a case in which judgment is entered against the plaintiff-offeree and in favor the defendant-offeror.

¶ 12 F.R.C.P. Rule 68 is fundamentally different from § 1101.1(B), as admitted by Hubbard, in that Rule 68 only applies to costs, not attorney fees, and it does not permit counter-offers by plaintiffs. These differences are critical.

¶ 13 The purpose of § 1101.1(B) is to "encourage judgments without protracted litigation" by "provid[ing] additional incentives to encourage a plaintiff to accept a defendant's offer to confess judgment" and to encourage a defendant "to offer an early confession of judgment [to] avoid further increases in costs which may be incurred [for] trial preparation." *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.*, 2007 OK 5, ¶ 13, 152 P.3d 880, 885. Section 1101.1(B) encourages a meaningful exchange between the parties by allowing a plaintiff to make a counter-offer and reallocate the risk of incurring

fees and costs back to the defendant. F.R.C.P. 68 does not permit such an exchange.

¶ 14 We see no reason to distinguish between an outright defense judgment and a plaintiff's judgment for less than the amount of a defendant's offer of judgment. A plaintiff who lost a case entirely should not be in a better position than a plaintiff who obtained only a small judgment. Thus, we hold the Legislature intended that a judgment entered in favor of a defendant can be the basis for an award of attorney fees and costs under § 1101.1(B). The trial court correctly awarded such fees and costs to Defendants in this case.

## II. Defendants Were Not Required to Renew their Offers of Judgment on Remand.

¶ 15 The next issue raised by Hubbard is whether Defendants' offers survived the appeal and subsequent remand of the case concerning the March 28, 2005, summary judgment. Hubbard maintains that because Defendants did not renew their offers post-remand, they cannot seek the fees and costs they incurred after the remand. Hubbard's requirement that Defendants' offers should have been renewed is unsupported by statute or case law.

¶ 16 In Oklahoma, there is but one judgment for each cause of action. *Oklahoma City Urban Renewal Authority v. Oklahoma City*, 2005 OK 2, ¶ 10, n. 16, 110 P.3d 550, 557, n. 16; *FDIC v. Tidwell*, 1991 OK 119, ¶ 5, 820 P.2d 1338, 1341. A judgment is the final determination of the rights of the parties in an action. 12 O.S.2001, § 681. While there was a judgment in this case on March 28, 2005, that judgment was remanded back for further proceedings. On November 8, 2007, the district court again granted summary judgment on all claims included in the offers of judgment in favor of the Defendants. Hubbard appealed this second summary judgment on December 7, 2007. On September 16, 2008, the Court of Civil Appeals affirmed the November 8,

7. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, if a plaintiff rejects a defendant's formal settlement offer, and if "the judg-ment finally obtained by the offeree is not more favorable than the offer," the plaintiff "must pay the costs incurred after the making of the offer."

2007, judgment and mandate was issued on October 9, 2008. Hubbard's argument would require the recognition of at least two judgments in this case-the March 28, 2005 summary judgment order that was remanded and the November 8, 2007, summary judgment order which has become final.

■ ¶17 There is nothing in the record to show that Defendants' offers were vacated when the original judgment in favor of Defendants was apparently vacated and remanded. Remand after the original appeal did not constitute refiling of this case and the district court resumed jurisdiction of the case upon remand. As we stated in *Boston Ave., supra*, "the plain language of § 1101.1(B)(3) provides that there must be some type of final adjudication, i.e., conclusion to the claims included in the offer of judgment for an attorney fee and cost recovery to be triggered." *Boston Ave. Mgmt., Inc. v. Associated Res., Inc.*, 2007 OK 5, ¶15, 152 P.3d at 885. The term "final adjudication" and § 1101.1(B)(3) "date of judgment" can only mean when the "action or claim or claims included in the offer of judgment" becomes res judicata. The doctrine of res judicata "teaches that when the appeal time expires a decision under this rubric becomes impervious to reconsideration and hence binding and conclusive upon the parties."[8] In *Hubbard v. Kaiser–Francis et al. (Court of Civil Appeals, 2008, unpublished opinion, No. 105,-352)*, the Court of Civil Appeals affirmed the November 8, 2007, summary judgment on September 16, 2008. A rehearing was not requested nor was a petition for certiorari filed pursuant to Rule 1.179 of the Supreme Court Rules. Therefore, final adjudication occurred when the mandate was issued on October 9, 2008. Accordingly, Defendants are permitted to recover their remaining reasonable litigation costs and attorney fees incurred subsequent to July 7, 2005, through the date of the mandate, October 16, 2008.[9]

¶18 We are required to analyze the enforcement of defendant's offer of judgment under unusual procedural circumstances. It is undisputed that the offer was neither ac-

cepted within ten days as required, nor was a counteroffer of judgment made within ten days. Nor was a subsequent timely offer of judgment made by either plaintiff or defendant. There is nothing in the plain text of 12 O.S. Supp.2002, § 1101.1(B) which requires the offeror to reaffirm an offer after a mistrial. There is nothing in the plain text of 12 O.S. Supp.2002, § 1101.1(B) which requires the offeror to reaffirm the offer in the event the final judgment is reversed on appeal. The text simply refers to the "judgment awarded". It is therefore implicit that, as long as the case continues, whether there be an appeal, remand or new trial, and the defendant makes no further offer, his first and only offer will operate to allow him to assert his entitlement to an award of reasonable litigation costs and reasonable attorney fees with respect to the action or the claim or claims included in the offer of judgment from and after the date of the first offer of judgment. Other jurisdictions have reached similar results in construing the provisions of their "Offer of Judgment Rule." See, *Negron v. Melchiorre, Inc.*, 389 N.J.Super. 70, 911 A.2d 88, 92 (2006), and *Cheek v. McGowan Electric Supply Co.*, 511 So.2d 977 (Fla.1987); and *Cheek v. McGowan Electric Supply Co.*, 483 So.2d 1373 (Fla. 1st Dist.1985).

### III. Defendants' Offers Were Reasonable.

■ ¶19 Hubbard also argues on appeal that the offers of judgment made by the Defendants, were unreasonably low and, therefore, sham offers. In the present case the offer made by the Defendants was to pay $275.00 per each of seven causes of action.

¶20 The purpose of § 1101.1 is to "encourage a plaintiff to accept a defendant's offer to confess judgment" and to encourage a defendant "to offer an early confession of judgment [to] avoid further increases in costs which may be incurred [for] trial preparation". See, *Boston Ave. Mgmt., Inc. v. Associated Res., Inc., supra*, ¶13,: *Dulan v. Johnston*, 1984 OK 44, ¶10, 687 P.2d 1045, 1049. Although the legislature did not specifically require a reasonable standard for

---

8. *Depuy v. Hoeme*, 1989 OK 42, ¶10, 775 P.2d 1339, 1343.

9. See Footnote 4 of this opinion.

the offer, it would not have intended unreasonable acts in the use and implementation of its legislation. The provisions of 12 O.S. Supp.2002, § 1101.1(B)(3) provide in pertinent part: "... the defendant shall be entitled to reasonable litigation costs and reasonable attorney fees ..." Further, 12 O.S. Supp.2002, § 1101.1(B)(4) provides: "... the plaintiff shall be entitled to recover the reasonable litigation costs and reasonable attorney fees ..." The very concept of a reasonable award was the stated purpose of the legislative enactment. See, *Sullins v. American Medical Response of Oklahoma, Inc.,* 2001 OK 20, ¶ 17, 23 P.3d 259, 263: *City of Chandler v. State ex rel. Dept. Of Human Services,* 1992 OK 137, ¶ 10, 839 P.2d 1352, 1354. Also see, *Fuller v. Pacheco,* 2001 OK CIV APP 39, 21 P.3d 74, where the Oklahoma Court of Civil Appeals recognized the reasonableness requirement of an award of attorney fees under § 1101.1.

¶ 21 In this case, applying a "reasonable" test to these facts, we would consider the facts demonstrated in the record. (1) Defendant had prevailed on summary judgment in a similar case raising identical issues on the same group of wells, CJ–2000–04355 (Tulsa County); (2) Defendants had prevailed before the Oklahoma Tax Commission on similar legal issues on the same group of wells [OTC No. P–94–154]; (3) Defendant had settled a statewide class action, which allegedly bound Hubbard as a class member, covering the issues raised in the present case (*Kouns v. Kaiser–Francis Oil Co.,* CJ–98–45, Dewey County); and (4) the Defendants offer of $275.00 per cause of action.

¶ 22 As we have said in this opinion, the purpose of § 1101.1(B) is to encourage settlement by creating the possibility of fee-shifting. The purpose is not to create a trial tactic. It is intended as a realistic method of seeking a resolution of the parties' controversy. It is not the intent of § 1101.1(B) to allow a defendant to make an unreasonable offer of judgment and to, therefore, recover its reasonable litigation costs and reasonable attorney fees merely because it prevailed. Such a result would be absurd because it would not further the purpose of § 1101.1(B)

which is to encourage settlement.[10] What is reasonable is a matter to be decided by the trier of fact and an unreasonable offer of judgment negates awarding litigation costs and attorney fees provided in § 1101.1(B).

¶ 23 We find the offer in the present case to have been reasonable.

### *CONCLUSION*

¶ 24 The COCA, in a 2–1 decision, affirmed the order of the district court granting Appellants motions for litigation costs and attorney fees pursuant to 12 O.S. Supp.2002, § 1101.1(B). Although the COCA's majority opinion correctly affirmed the district court, certiorari was granted by us to decide questions of first impression concerning the applicability of § 1101.1(B) in the circumstances of this case. We hold § 1101.1(B) is applicable to grant a defendant litigation costs and attorney fees in cases where the defendant is the prevailing party; offers of judgment made pursuant to § 1101.1(B) are effective throughout the entirety of a case, including any appeals and remand, and until the action or claim or claims included in the offer of judgment has res judicata effect; and a defendant's offer of judgment must be reasonable to invoke the fee-shifting provisions of § 1101.1(B).

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

¶ 25 CONCUR: TAYLOR, C.J., COLBERT, V.C.J., EDMONDSON, REIF, COMBS, GURICH, JJ.

¶ 26 CONCUR IN PART; DISSENT IN PART: KAUGER, WATT (JOINS WINCHESTER, J.), WINCHESTER (BY SEPARATE WRITING), JJ.

WINCHESTER, J., with whom WATT, J., joins, concurring in part and dissenting in part.

¶ 1 I concur in part and dissent in part to the majority opinion. I must dissent to that portion of the opinion which injects a new

---

10. See ¶ 8 of this opinion.

standard of reasonableness into the offer of judgment statute, 12 O.S. Supp.2002, § 1101.1(B).

¶2 The majority acknowledges that the Legislature did not statutorily impose a reasonableness test on the proposed offer. Nevertheless, the majority asserts that such a requirement must have been intended because the Legislature set forth in the statute that any fees and costs to be awarded pursuant to the offer must be reasonable. However, reference to the statute's assessment of "reasonable litigation costs and reasonable attorney fees" to the prevailing party fails to support the proposition that the Legislature intended the trial court to evaluate all offers of judgment for reasonableness.[1] Requiring the trial court to determine the soundness of an offer of judgment unwittingly places the court in the subjective position of evaluating the evidence, credibility of the witnesses and trial strategy from the position of advocate for one of the parties.

¶3 To inject the trial court into the determination of what is a fair offer of judgment defeats the clear intent of the statute which is to place the responsibility clearly on the lawyers shoulders. Failure to impose an express reasonableness standard here does not conversely mean that the Legislature intended to permit unreasonable offers. This Court is duty-bound to give effect to legislative acts, not to amend, repeal or circumvent them. *Mehdipour v. State Dept. of Corrections*, 2004 OK 19, ¶22, 90 P.3d 546, 555. The Legislature could have imposed a duty on the courts to assess and weigh each offer for reasonableness but it elected not to do so. We must honor this decision and have confidence counsel can fully evaluate their own position without court interference.

---

1. Reliance on the Court of Civil Appeals case of *Fuller v. Pacheco*, 2001 OK CIV APP 39, 21 P.3d 74, is misplaced. That case dealt with the reasonableness of an award of attorney fees and not whether the offer of judgment supporting the award of fees was reasonable.