Question Submitted by: R. Darrell Weaver, Director, Oklahoma Bureau of Narcotics and Dangerous Drugs Control
2015 OK AG 1
Decided: 04/23/2015
Oklahoma Attorney General Opinions

Cite as: 2015 OK AG 1, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
May the Oklahoma Bureau of Narcotics and Dangerous Drugs Control ("OBNDD") reimburse an existing agent for lodging, meals, and incidental expenses following the agent's transfer to a new duty station until that agent finds a new home?[1] 
¶1 You state that OBNDD serves law enforcement functions throughout Oklahoma and that, in order to perform these functions, it stations agents in locations across the State.[2] At times, as you explain, OBNDD determines that enforcement goals would be best served by permanently transferring an agent from one area to another.[3] You further state that, in order to ensure that these transfers proceed smoothly, OBNDD would pay for lodging and provide a per diem for meals and incidental expenses when it transfers one of its agents.[4] We conclude that OBNDD does have the authority to make such payments under the State Travel Reimbursement Act, 74 O.S.2011 & Supp.2014, §§ 500.1-500.37, for the reasons set forth below.
I.
The State Travel Reimbursement Act, 74 O.S.2011 & Supp.2014, §§ 500.1-500.37, Authorizes the Payment of Lodging Expenses as Well as a Per Diem for Meals and Incidental Expenses Covering a Reasonable Period of Time When Employees Have Been Transferred to a New Work Location but Have Not Found a New Home.
¶2 The State Travel Reimbursement Act ("Act"), 74 O.S.2011 & Supp.2014, §§ 500.1-500.37, provides the legal framework governing travel reimbursement for most state employees. The statute allows for "[o]fficials and employees of the state, traveling on authorized state business, [to] be reimbursed for expenses incurred in such travel." 74 O.S.Supp.2014, § 500.2(A). Given that authorization, the relevant criterion for determining whether an employee may be reimbursed is whether that employee is "traveling on authorized state business." Id. Section 500.7 of the Act helpfully provides a definition of "travel status" for determining whether meals and lodging may be reimbursed:

[T]ravel status for meals and lodging purposes shall be defined as absence from the officer's or employee's home area and/or official station area while performing assigned official duties. Provided however, employees whose duties are normally mobile and statewide or multicounty in nature shall not be deemed to have an official station.

74 O.S.2011, § 500.7(A).
¶3 The definition has two elements: "absence from the officer's or employee's home area and/or official station area" and "performing assigned official duties." Id. An employee who has been assigned to a new location and must begin work there would clearly be "performing assigned official duties." Id. As such, your request primarily revolves around the first element: whether the assignment satisfies "absence from the officer's or employee's home area and/or official station area." Id.
¶4 We make several observations about the first element that have particular salience. First, as a general matter, we interpret statutes "in accordance with their plain, ordinary meaning according to the import of the language used." Hubbard v. Kaiser-Francis Oil Co., 2011 OK 50, ¶ 8, 256 P.3d 69, 72. The plain, ordinary meaning of a phrase like "home area" would ordinarily refer to a person's house, dwelling, or abode. The Oklahoma statutes do not appear to provide a more particular legal meaning for "home area."
¶5 Additionally, Section 500.7 contrasts "home area" and "official station area," indicating that these terms refer to two different locations. Use of the conjunction "and/or" with these terms makes this contrast clearer, strongly indicating the existence of two separate locations. That is, language of the statute implies that travel status can be triggered by absence from either location ("or") or both locations ("and"). Therefore, because "official station area" would refer to the work location to which an employee has been assigned, "home area" must refer to a location other than the assigned work location.
¶6 In light of these observations, the statute's usage of "home area" refers to the area where an employee has a house, dwelling, or abode. Absence from that area may satisfy the first element of travel status under the State Travel Reimbursement Act.[5] Travel status can thus occur when an employee must begin work at a new location without having yet found a new home in connection with the transfer to that new work location. Such an employee has moved locations to "perform[] assigned official duties" and would have "absence," in this situation, from the employee's "home area." 74 O.S.2011, § 500.7. This result may seem anomalous as an instance of travel because the employee has no expectation of returning to the original work location. However, the Act's definition of "travel status" does not suggest that, at the end of travel, the employee must return to the same home or official station area.
¶7 We note that travel status would not continue indefinitely just because an employee has declined to sign a lease or purchase a house. An employee only has a reasonable period of time to find a new home before his or her current living situation should be considered his or her new "home area" under the statute. Although travel may cover periods in excess of thirty-one (31) days through the use of multiple claims or vouchers, the maximum period covered by a claim or voucher shows that the Legislature clearly intends for travel to be of a limited duration. 74 O.S.Supp.2014, § 500.3. Hence, an agency only has the authority to pay lodging and per diem for meals and incidentals for a reasonable period to give the employee an opportunity to find a new home.
II.
The Statute Covering Employees' Moving Expenses Related to Household Goods, 74 O.S.2011 & Supp.2014, §§ 500.51-500.55, Does not Restrict Payments for Lodging and Meals During Periods Where an Employee Begins Work in a new Location and has not Found a new Home.
¶8 Because your request involves the payment of certain expenses when an employee has been transferred to a new location and must find a new home, it potentially implicates the employee moving expenses statute. If Oklahoma's relatively restrictive moving expenses statute sets out the exclusive benefits the State offers in these scenarios, OBNDD would not be able to pay lodging and per diem for transferred agents notwithstanding the apparent availability of these payments under the State Travel Reimbursement Act. Hence, an examination of the breadth of the moving expenses statute is in order.

The moving expenses statute provides the following:
Any employee who is permanently transferred at the request of any state agency . . . shall be entitled to payment by the State of Oklahoma to the carrier for the following services provided by the carrier:
1. (a) The actual line-haul cost of moving ten thousand (10,000) pounds of the employee's household goods, . . . or
(b) Movement of one manufactured home and its contents . . . ;
2. Special servicing of appliances . . . ; and
3. The insuring of the employee's household goods and/or manufactured home . . . .
Any additional moving expenses incurred as a result of said transfer shall be assumed by the employee.

74 O.S.2011, § 500.53. Violations of the moving expenses statute can constitute a misdemeanor with a fine of up to a thousand dollars ($1,000.00), imprisonment for up to ninety (90) days, and mandatory termination from state employment. Id. § 500.55(B).
¶9 These requirements do not, however, restrict the ability of an agency to make payments for lodging or meals and incidental expenses. Such payments do not fall under the rubric of "moving expenses," many of which (beyond the covered ones) must be "assumed by the employee." While the statute does not clearly define "moving expenses," the statute expressly states that only the cost of literally moving an employee's goods may be covered, id. § 500.51, and that such cost can only be covered in part, id. § 500.53. But nothing in the statute suggests it is intended to limit the payment of travel expenses when an employee must start working in a new location and has not yet had the opportunity to actually locate and move into a new home. In short, the moving expenses statute does not apply to temporary lodging and per diem for transferred employees.
¶10 Prior opinions of this office do not dictate otherwise. In 1977, Senator Gideon Tinsley asked two questions related to moving expenses for employees of the Department of Wildlife Conservation. A.G. Opin. 77-310, at 345. One of those questions involved whether that agency could pay a one-time moving allowance of $2,500 to employees. Id. The moving expenses statute did preclude the payment of that allowance because the allowance was to cover moving expenses and did not follow the requirements of the moving expenses statute, which were clearly exclusive. Id. at 350-51 (citing 74 O.S.Supp.1977, § 500.53). However, the payments discussed in your request could be paid for employees who have not yet found a new home but who must begin working in a new location, and these payments are not covered by the moving expenses statute. Further, the amounts paid would clearly track expenses related to lodging and meals as specified in the State Travel Reimbursement Act, 74 O.S.2011 & Supp.2014, §§ 500.1-500.37. Thus, the reasoning of the prior opinion of this office does not apply. The moving expenses statute does not restrict the payments implicated by your request.
III.
Conclusion
¶11 We conclude that the Oklahoma statutes, as currently written, allow the payment of lodging and per diem expenses for employees in transition to a new work location who have not yet found a new home. This opinion does not necessarily condone or approve the wisdom of any particular decision by an agency to pay such expenses for an employee. Until the Legislature provides additional instructions, it is the task of each agency to ensure that it expends state funds prudently.

¶12 It is, therefore, the official Opinion of the Attorney General that:
1. The State Travel Reimbursement Act, 74 O.S.2011 & Supp.2014, §§ 500.1-500.37, does authorize the payment or reimbursement of lodging, meal, and incidental expenses covering a reasonable period of time when employees have been permanently transferred to a new work location but have not found a new home.
2. The statute covering employees' moving expenses related to household goods, 74 O.S.2011 & Supp.2014, §§ 500.51-500.55, does not restrict payment or reimbursement of lodging, meal, and incidental expenses during periods when employees have been permanently transferred to a new work location and have not found a new home.

E. SCOTT PRUITT
Attorney General of Oklahoma
JARED HAINES
Assistant Solicitor General 
FOOTNOTES
[1] Your initial request limited payments of lodging and per diem to only thirty (30) days following transfer, but the statutes do not impose such a limitation. Letter from R. Darrell Weaver, Director, Oklahoma Bureau of Narcotics and Dangerous Drugs Control, to E. Scott Pruitt, Oklahoma Attorney General (Nov. 6, 2014) (on file with author); see 74 O.S.Supp.2014, § 500.3 ("Claims . . . shall not cover periods in excess of thirty-one (31) days. However, claims may be filed for subsequent periods of not to exceed thirty-one (31) days.").
[2] See Letter from R. Darrell Weaver, Director, Oklahoma Bureau of Narcotics and Dangerous Drugs Control, to E. Scott Pruitt, Oklahoma Attorney General (Nov. 6, 2014) (on file with author).
[3] Id.
[4] Id. 
[5] Although absence from the home area may satisfy the first element of travel status, other requirements must be met before travel reimbursement may be paid. Thus, an employee with a long commute from his or her home area to his or her official station area would not be eligible for reimbursement of lodging, meals, and incidental expenses because he or she would not be performing "assigned official duties," 74 O.S.2011, § 500.7, nor would such a commute be considered "authorized state business," 74 O.S.Supp.2014, § 500.2(A).

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2011 OK 50, 256 P.3d 69, 
HUBBARD v. KAISER-FRANCIS OIL COMPANY
Discussed

Title 74. State Government

 
Cite
Name
Level

 
74 O.S. 500.1, 
Short Title
Discussed at Length

 
74 O.S. 500.3, 
Authority for Travel - Claims or Vouchers - Limitations
Discussed

 
74 O.S. 500.7, 
Travel Status for Meals and Lodging
Discussed at Length

 
74 O.S. 500.51, 
Transferred Employees - Partial Payment of Moving Expenses
Discussed

 
74 O.S. 500.53, 
Services Included
Discussed

 
74 O.S. 500.2, 
Reimbursable Expenses of State Officials, Employees, and Certain Others
Discussed