OSCN Found Document:ESTATE OF JONES v. MILLER

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ESTATE OF JONES v. MILLER
2025 OK CIV APP 29
Case Number: 122590
Decided: 12/20/2024
Mandate Issued: 07/24/2025
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2025 OK CIV APP 29, __ P.3d __

 

TERESA L. DAVIS, Special Administrator of the Estate of LORENE JONES, Deceased, Plaintiff/Appellee
vs.
JEANNIE MILLER, Defendant/Appellant

APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA

HONORABLE BETHANY STANLEY, TRIAL JUDGE

AFFIRMED

Hal William Ezzell, EZZELL & PATEL, PLLC, Norman, Oklahoma, For Defendant/Appellant,

Greg T. Tontz, TONTZ LAW, PLLC, Norman, Oklahoma, For Plaintiff/Appellee.

THOMAS E. PRINCE, JUDGE:

¶ 1 Jeannie Miller ("Miller" or "Appellant") has appealed the trial court's award of summary judgment in favor of Teresa L. Davis ("Davis" or "Appellee"), arguing that the trial court erred in its conclusion that the real property at issue ("the Property") had not been properly conveyed from the decedent, Lorene Jones, to Miller. Davis utilized a Transfer on Death Deed to effectuate the conveyance. The issue in this case arose because the TODD had not been signed by Jones, but only by Miller who had been acting as an agent of Jones' under a Power of Attorney. The trial court ruled in favor of Davis, holding that the Property was an asset of Jones' estate after determining Jones had not expressly provided Miller with the authority to execute a TODD, as required by 58 O.S. § 302458 O.S. § 125258 O.S. § 3024

BACKGROUND

¶ 2 Teresa Davis initiated the underlying probate action on April 29, 2024, following the death (on April 14, 2024) of her mother, Lorene Jones. On the same day, Davis also filed an Ancillary Petition to Quiet Title alleging the Property was an asset of Jones' estate. Jones alleged that Miller, her sister, had recorded an Affidavit for Beneficiary Death Deed on April 19, 2024, whereby Miller asserted her interest in the Property had vested upon Jones' death by virtue of a TODD that had previously been executed on March 13, 2023. The TODD58 O.S. § 1252"perform any act . . . in connection with . . . property, real or personal". Miller argued that this language (from Section 1.1 of the POA) authorized her to sign the TODD.

¶ 3 Davis filed a Motion for Summary Judgment on June 20, 2024, arguing the TODD was legally deficient on two primary grounds. First, Davis argued that the language of 58 O.S. § 1252never be signed by an agent operating under POA. Davis also argued that, even if an agent operating under a POA could sign a TODD on behalf of a principal, the POA at issue here did not "expressly grant [Miller] the authority to sign the TODD, thereby violating § 3024 of the Uniform Power of Attorney Act. Although Miller previously admitted in her Answer to Davis' Ancillary Petition to Quiet Title that the POA at issue "did not specifically address estate planning documents or gifts," Miller later argued before the trial court that the general grant of authority in Section 1.1 of the POA was sufficient to grant Miller the power to gift real property on Jones' behalf.

¶ 4 After considering both Davis' and Miller's briefs and corresponding oral arguments on June 20, 2024, the trial court concluded that the POA document did not include an "express grant of authority" under 58 O.S. § 302458 O.S. § 1252

STANDARD OF REVIEW

¶ 5 This appeal requires our review of the trial court's grant of summary judgment and the trial court's interpretation of various statutes, both of which present questions of law. See Carmichael v. Beller, 1996 OK 48914 P.2d 1051see also Hubbard v. Kaiser-Francis Oil Co., 2011 OK 50256 P.3d 69 Questions of law mandate application of the de novo standard of review, affording this Court with plenary, independent, and non-deferential authority to examine the issues presented. Harmon v. Cradduck, 2012 OK 80286 P.3d 643

ANALYSIS

¶ 6 Miller presented three (3) allegations of error in her Petition in Error, from which we garnered a singular issue necessitating our review: whether a property owner's general grant of authority to an agent under a power of attorney to "perform any act . . . in connection with . . . property, real or personal" enabled the agent to execute a TODD. Based upon our review of the record, applicable statutes, and relevant case law, we conclude that the plain and unambiguous meaning of 58 O.S. § 1252

¶ 7 The Nontestamentary Transfer on Property Act, 58 O.S. § 1251et. seq., adopted in 2008, governs the transfer of an "interest in real estate" where the grantor's death is the catalyst for the transfer to the designated grantee (i.e. a "Beneficiary Deed", "Transfer-on-death Deed" or "TODD"). In 2016, the Supreme Court described TODD's, in part, as follows:

¶ 14 The TODDs at issue in this cause are nontestamentary instruments, authorized by the Nontestamentary Transfer of Property Act (NTPA), 58 O.S. §§ 1251

* * *

¶ 21 The NTPA is a comparatively new piece of legislation, and there is therefore little precedent concerning TODDs.

In re Est. of Carlson, 2016 OK 6367 P.3d 486Matter of Est. of Stites, 2020 OK CIV APP 51476 P.3d 934

The mechanism of a transfer-on-death deed (TODD) is a relatively recent addition to Oklahoma law and serves as an alternative to traditional testate succession for the posthumous transfer of real property.

[T]he nature of TODDs is such that nothing is transferred to the beneficiary upon execution, but instead the transfer of interest occurs only upon the grantee's death with final disposition upon the beneficiary's acceptance. See Joyce Palomar, 2 PATTON AND PALOMAR ON LAND TITLES § 333 (3d ed. 2018 update). No final property interest transfers to the beneficiary of a TODD prior to death and acceptance.

Id., at ¶'s 6 & 13 (emphasis added).

¶ 8 The NTPA demands that a TODD must be "signed by the record owner of interest" in order to transfer real estate:

A. An interest in real estate may be titled in transfer-on-death form by recording a deed, signed by the record owner of the interest, designating a grantee beneficiary or beneficiaries of the interest. The deed shall transfer ownership of the interest upon the death of the owner. A transfer-on-death deed need not be supported by consideration. For purposes of the Nontestamentary Transfer of Property Act, an "interest in real estate" means any estate or interest in, over or under land, including surface, minerals, structures and fixtures.

* * *

(emphasis added). 

¶ 9 Title 16 O.S. § 3

[L]anguage in a power of attorney granting general authority with respect to real property authorizes the agent to:

***

2. Sell; exchange; convey with or without covenants, representations or warranties; quitclaim; release; surrender; retain title for security; encumber; partition or consent to partitioning; subject to an easement or covenant; subdivide; apply for zoning or other governmental permits; plat or consent to platting; develop; grant an option concerning; lease; sublease; contribute to an entity in exchange for an interest in that entity; or otherwise grant or dispose of an interest in real property or a right incident to real property;

***

(emphasis added). The outcome of this case, therefore, turns, in part, on the interplay between, on the one hand, 16 O.S. § 358 O.S. § 302758 O.S. § 1252Hall v. Galmor, 2018 OK 59427 P.3d 1052Broadway Clinic v. Liberty Mut. Ins. Co., 2006 OK 29139 P.3d 873Fulsom v. Fulsom, 2003 OK 9681 P.3d 652Arrow Tool & Gauge v. Mead, 2000 OK 8616 P.3d 1120CompSource Mut. Ins. Co. v. State ex rel. Oklahoma Tax Comm'n, 2018 OK 54435 P.3d 90

¶ 10 There is no ambiguity on the face of any of the statutes at issue here: i.e., 16 O.S. § 358 O.S. § 302758 O.S. § 1252Id.; Phillips v. Hedges, 2005 OK 77124 P.3d 227

¶ 11 We find that § 1252(A), as the specific statute, must be applied over the general statutory provisions in 16 O.S. § 358 O.S. § 302758 O.S. § 1252

¶ 12 Notwithstanding the plain and unambiguous terms of § 1252(A), upon which we rely to invalidate the transfer here, we additionally find, as an alternative basis to invalidate the TODD, that the trial court properly construed the meaning of 58 O.S. § 3024

A. An agent under a power of attorney may do the following on behalf of the principal or with the principal's property only if the power of attorney expressly grants the agent the authority and exercise of the authority is not otherwise prohibited by another agreement or instrument to which the authority or property is subject:

1. Create, amend, revoke or terminate an inter vivos trust;

2. Make a gift;

3. Create or change rights of survivorship;

4. Create or change a beneficiary designation; . . . .

* * *

(emphasis added).

¶ 13 Neither Miller nor Davis dispute § 3024(A)(4)'s statutory requirement that a principal must specifically bestow an agent with the authority to "create or change a beneficiary" in the written instrument creating the POA. It is further undisputed that the language of the POA did not provide Miller with the specific power to execute a TODD or otherwise modify Jones' estate plans, as Miller, herself, admitted in an early pleading that the POA "did not specifically address estate planning documents or gifts." Accordingly, the validity of the TODD hinged upon whether the execution of a beneficiary deed constituted a "creation or change of a beneficiary designation" under § 3024(A)(4) and, if so, whether the language of Section 1.1 of the POA at issue was specific enough to confer Miller the authority to execute the TODD on Jones' behalf. Based upon our review, we find the execution of a TODD, indeed "created a new beneficiary designation, 

¶ 14 The specificity requirement of § 3024(A) as applied to an agent's execution of a TODD appears to be an issue of first impression in the State of Oklahoma. This Court, however, considered an agent's authority under the terms of a POA to make an inter vivos transfer of title in Matter of Rolater's Estate, 1975 OK CIV APP 60542 P.2d 219Rolater, the language in the POA at issue authorized the agent "to represent [the principal] and act for [the principal] in all matters public and private", and the agent, thereafter, made an inter vivos transfer of the principal's bank stocks to the agent's father. In reliance on several out-of-state cases, a separate Division of this Court held that a POA must contain an "explicit direction" to "make a gift of the principal's property" in order to provide the agent with sufficient authority, thus concluding that the language in the POA at issue lacked the "implied power to give [the principal's] property away." Matter of Rolater's Estate, 1975 OK CIV APP at ¶¶ 21-22, 542 P.2d at 223-24. It also was held in Matter of Rolater's Estate, 1975 OK CIV APP 60542 P.2d 219

¶ 15 Jones provided Miller with the authority in the underlying POA to "perform any act . . . in connection with . . . property, real or personal", which we interpret to have provided Miller with the general authority to make transfers of property during Jones' lifetime. This language, however, failed to expressly provide Miller with the authority to designate a future transfer of property which would trigger upon Jones' death. Accordingly, we conclude that the POA document was not sufficiently specific to grant Miller with the express authority to "create or change a beneficiary designation" as required by 58 O.S. § 302458 O.S. § 3024

CONCLUSION

¶ 16 Based upon the foregoing analysis, we affirm the trial court's Order granting summary judgment, invalidating the TODD, and quieting title in favor of the Estate of Lorene Jones.

BELL, V.C.J., and SWINTON, P.J., concur.

FOOTNOTES

58 O.S. § 1251et. seq.

58 O.S. § 1252signed by the record owner of the interest, designating a grantee beneficiary or beneficiaries of the interest." (emphasis added).

58 O.S. § 3001et. seq.), which made significant changes to statutory guidelines for POA's. Section 3005 provides, in part, that "[a] power of attorney must be signed by the principal or another in the principal's conscious presence directed by the principal to sign the principal's name . . . A signature on a power of attorney is presumed to be genuine if the principal acknowledges the signature before a notary . . .". Under § 3004, any power of attorney "is durable unless it expressly provides that it is terminated by incapacity of the principal."

Compare 15 O.S. §§ 1001et seq., constituting the Uniform Statutory Form Power of Attorney Act. None of the sections of the "Statutory Act" were repealed with the adoption of the Uniform Power of Attorney Act. Because the POA at issue here was not prepared as a "Statutory Power of Attorney", the Uniform Statutory Form Power of Attorney Act is not directly applicable in this case.

58 O.S. § 1252

B. The signature, consent or agreement of or notice to a grantee beneficiary or beneficiaries of a transfer-on-death deed shall not be required for any purpose during the lifetime of the record owner.

C. A designated grantee beneficiary may accept real estate pursuant to a transfer-on-death deed only on behalf of himself, herself, or a legal entity over which he or she has proper authority. A beneficiary shall not accept such real estate on behalf of another designated beneficiary.

D. Each designated grantee beneficiary wishing to accept real estate pursuant to a transfer-on-death deed shall execute an affidavit affirming:

1. Verification of the record owner's death;

2. Whether the record owner and the designated beneficiary were married at the time of the record owner's death; and

3. A legal description of the real estate.

E. The grantee shall attach a copy of the record owner's death certificate to the beneficiary affidavit. For a record owner's death occurring on or after November 1, 2011, the beneficiary shall record the affidavit and related documents with the office of the county clerk where the real estate is located within nine (9) months of the grantor's death, otherwise the interest in the property reverts to the deceased grantor's estate; provided, however, for a record owner's death occurring before November 1, 2011, such recording of the affidavit and related documents by the beneficiary shall not be subject to the nine-month time limitation. Notwithstanding the provisions of Section 26 of Title 16 of the Oklahoma Statutes, an affidavit properly sworn to before a notary shall be received for record and recorded by the county clerk without having been acknowledged and, when recorded, shall be effective as if it had been acknowledged.

F. A beneficiary affidavit recorded pursuant to this section before November 1, 2023, in which one or more, but not all, named beneficiaries of a transfer-on-death deed explicitly accepts the interests being conveyed by the deed on behalf of all or some of the beneficiaries named therein shall be effective to accept such interests if executed by at least one of the named beneficiaries accepting such interests.

Compare 15 O.S. §§ 1003

58 O.S. § 302458 O.S. § 1258See Tensfield v. Magnolia Petroleum Co., 1928 OK 462134 Okla. 38272 P. 404Smith v. Lopp, 2020 OK CIV APP 24466 P.3d 642Gray v. Fid. Brokerage Servs., LLC, 2023 OK 7526 P.3d 111558 O.S. § 1252

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105